UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARLIN PAUL CONNER | ) | CASE NO.  18-10704(1)(7) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on the Motion to Dismiss Case for Cause and Bad Faith filed by Creditor Warner Fertilizer Company, Inc. ("Warner").  Warner seeks dismissal of Debtor John Paul Conner's ("Debtor") Chapter 7 case for cause pursuant to 11 U.S.C. § 707(a).

The Court held an evidentiary hearing on Warner's Motion to Dismiss and based upon the testimony of the witnesses and documentary evidence submitted, the Court will **DENY** Warner's Motion.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## LEGAL ANALYSIS

On January 10, 2017, Debtor and his wife, Kathy Sue Conner, filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code, Case No. 17-10013 (hereinafter referred to as the "Chapter 13 case").  In that case, Warner moved to dismiss the case alleging Debtors had not filed the case in good faith.  Warner claimed that just prior to filing the Chapter 13 case, Debtors had dissolved an LLC into which they had transferred many assets but failed to disclose, that the Debtors failed to list on their Schedules a vehicle they owned, and that Debtors had failed to properly include their mobile home on their Schedules or had not properly accounted for the equity in the mobile home.  Warner further alleged that Debtor, Garlin Conner, failed to disclose his interest in his recently deceased father's estate, that he failed to disclose his

interest in an Irrevocable Trust held jointly with his wife, that he failed to disclose the proper value of certain crops that he was growing and that there were several pieces of equipment and timber that he transferred pre-petition that he failed to disclose in his Schedules.

Warner filed six different Objections to confirmation of Debtors' Chapter 13 case. The Court scheduled the matter for an evidentiary hearing. Prior to that hearing, the parties filed an Agreed Order resolving all issues raised in Warner's Objections. The Debtors were going to file an Amended Plan and pay Warner lump sum payments outside the Plan. A hearing on the Agreed Order was scheduled for November 15, 2017.

On November 13, 2017, Debtors filed a Motion to Voluntarily Dismiss their Chapter 13 case. Debtors stated in the Motion that counsel for Warner had informed them that the United States Trustee would not recommend approval of the Plan proposed by the Debtors and Warner. Therefore, Debtors could not craft a workable Plan satisfactory to the United States Trustee and the Debtors requested that their case be dismissed.

On November 14, 2017, the Court entered an Order granting the Debtors' Motion to Voluntarily Dismiss their Chapter 13 case. The case was dismissed pursuant to 11 U.S.C. § 1307, which provides that on request of a debtor "at any time, if the case has not been converted under Section 706, 1112, or 1208 of this Title, the court shall dismiss the case under this Chapter."

On July 20, 2018, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On November 2, 2018, Warner filed its Motion to Dismiss for Cause and for Bad Faith in this Chapter 7 case. Warner seeks dismissal of Debtor's Chapter 7 case "for cause" pursuant to 11 U.S.C. § 707(a). Warner listed numerous instances which it contends establish that Debtor was

either hiding assets or falsified his income on his Schedules. The Court notes that nearly every allegation Warner relies upon were issues it raised in Debtor's Chapter 13 case. After raising those issues in the Chapter 13 case, the Debtors and Warner filed an Agreed Order resolving Warner's Motion to Dismiss under which the Debtors were to amend the Plan to pay Warner outside the Plan. The Debtors in the Chapter 13 case ultimately voluntarily dismissed that case after determining that Debtors did not have sufficient income to fund the Plan and because Warner's counsel had informed Debtors that the Trustee would not recommend that the Plan be confirmed. The Chapter 13 case was voluntarily dismissed by the Debtors. There was never a finding by the Court that the Debtors had filed the case in bad faith or that they had committed fraud.

Pursuant to 11 U.S.C. § 707(a), a Chapter 7 case may be dismissed for "cause." "Cause" is not defined, but the statute lists (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) non-payment of required fees or charges; and (3) only on motion of the United States Trustee, failure of the debtor to file a list of creditors, schedules and a statement of financial affairs as required under § 521(a). The enumerated items in the statute are not the exclusive reasons for a dismissal based on cause. *Industrial Insurance Services, Inc. v. Zick, (In re Zick)*, 931 F.2d 1124 (6th Cir. 1991). The decision whether to grant a motion to dismiss for bad faith lies within the discretion of the bankruptcy court. *Id.*

In the *Zick* case, the court stated that dismissal based on lack of good faith "is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Zick*, 931 F.2d at 1129. This case does not present those circumstances.

The Court must deny the Motion as there has been no showing of bad faith in the Debtor's filing of this Chapter 7 case. The grounds that Debtor relies upon primarily in support of this Motion were not events that led to the current Petition filed by the Debtor. The only allegations that Warner asserts that were not raised in the Chapter 13 case, relate to claims that the Debtor auctioned certain property, the proceeds of which were not disclosed in the Debtor's Schedules. The Debtor explained in his Objection to Warner's Motion that the items auctioned were not owned by him but were his mother's items. The Debtor's mother gave him the proceeds which he used to pay Peoples Bank and Trust Company on a secured debt. Some of the money was used by the Debtor to repair his home, to build a handicap ramp to accommodate his wife after she had hip surgery. The auction was discussed at his First Meeting of Creditors, but Warner did not attend that meeting. The Debtor used all funds to pay its secured creditor. The details were disclosed and Debtor did not profit from the auction.

Warner also contends that during the Chapter 7 case, Debtor's mobile home did not have a lien on the title, although Debtor had intended on granting a lien to People's Bank. After the Chapter 7 case was dismissed, but before this case was filed, Debtor took the title to People's Bank who then had their lien noted on the title. Warner contends that this would not have occurred had the Debtor and his wife not voluntarily dismissed their Chapter 13 case.

The Court does not find that the Debtor filed this case in bad faith or in an attempt to avoid the collection actions of Warner. The Debtor leads a modest lifestyle. The Debtor had numerous creditors, in addition to Warner, and filed this Chapter 7 proceeding in an attempt to receive a fresh start. The creditor failed to prove that the Debtor was secreting assets, profiting from such actions

or that there was anything unfair or prejudicial about the Debtor's use of Chapter 7 based on the facts presented.

The Debtor timely amended his Schedules when necessary and explained his actions in response to each of Warner's allegations that were relevant to this Chapter 7 case. The explanations were provided by the Debtor's testimony at trial, as well as his written Objection to the Motion to Dismiss. The Court found the Debtor to be truthful and credible at the evidentiary hearing before the Court.

## CONCLUSION

For all of the above reasons, the Court will deny the Motion to Dismiss the Debtor's Chapter 7 case filed by Warner Fertilizer Company, Inc. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GARLIN PAUL CONNER ) | CASE NO. 18-10704(1)(7) |
| ) | |
| Debtor ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Case for Cause and Bad Faith of Creditor Warner Fertilizer Company, Inc., be and hereby is, **DENIED**.